**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlton Errol Godwin,      )<br>                            )<br>       Petitioner,         )<br>                            )<br>       v.                   )<br>                            )<br>Charles L. Ryan, et al.,    )<br>                            )<br>       Respondents.         )<br>_____)  | CIV 13-08078 PCT JAT (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE JAMES A. TEILBORG:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about April 5, 2013. Respondents filed a Limited Answer to First Amended Petition for Writ of Habeas Corpus ("Answer") (Doc. 17) on November 7, 2013. Petitioner was granted multiple extensions of the time allowed to file a reply to the answer to his petition; the Court's latest order required Petitioner to docket a reply to the answer to his petition on or before March 27, 2015. See Doc. 40. Petitioner has not, as of March 30, 2015, more than one year and five months after an answer was filed, docketed any reply to the answer to his petition.

**I Procedural History**

Petitioner was arrested on July 7, 2006; the arrest resulted in charges brought in Yavapai County Superior Court

case number CR2006-000889.  See Answer, Exh. A at 1.  On July 13, 2006, Petitioner was charged with two counts of driving while under the influence, theft of a credit card, possession of a dangerous drug, possession of a narcotic drug, and possession of drug paraphernalia in CR2006-000889.  Id., Exh. B.  On July 19, 2007, the state successfully moved to dismiss that case without prejudice.  Id., Exh. C.

On February 1, 2007, Petitioner was arrested; the arrest resulted in charges brought in Yavapai County Superior Court case number CR2007-000204.  Id., Exh. A at 1.  Respondents aver they have been unable to locate the charging document in that case to determine the nature of the allegations against Petitioner and the case was dismissed on July 17, 2007. However, the arrest on February 1, 2007, also resulted in Petitioner being charged in Yavapai County Superior Court case number CR2007-000205.  Id., Exh. D.  In that matter Petitioner was charged with possession of marijuana, possession of a dangerous drug for sale, two counts of possession of a narcotic drug for sale, and two counts of possession of drug paraphernalia.  Id., Exh. D.

Petitioner entered into a plea agreement in CR2007-000205 on August 10, 2007.  The plea agreement provided Petitioner would plead guilty to possession of a dangerous drug, based on his conduct on July 7, 2006, and to one count of possession of a dangerous drug for sale, based on his conduct on February 1, 2007.  See id., Exh. E.  In exchange for Petitioner's guilty pleas on these two counts the state agreed to dismiss all other

-2-

1  charges in CR2007-000205, refrain from re-filing charges in
2  CR2007-000204, and refrain from re-filing any other charges in
3  CR2006-000889.  Id., Exh. E.  The plea agreement also provided
4  that Petitioner's sentences for his convictions on possession of
5  a dangerous drug and possession of a dangerous drug for sale
6  would total 7.5 years' imprisonment and would be ordered to be
7  served concurrently.  Id., Exh. E.  Although the written plea
8  agreement contains several hand-written changes to the typed
9  text, Petitioner initialed each change to the typed text,
10 initialed all other appropriate places in the document, and
11 signed the plea agreement.

12      At a hearing conducted August 10, 2007, the state trial
13 court conducted a lengthy colloquy with Petitioner, during which
14 Petitioner averred he understood the terms of the plea
15 agreement.  Petitioner told the trial court he understood the
16 rights he was waiving pursuant to the agreement, including his
17 right to a trial and his right to take a direct appeal of his
18 convictions and sentences.  See id., Exh. F at 2-15.  At that
19 time, pursuant to the plea agreement, the trial court sentenced
20 Petitioner to a term of 7.5 years imprisonment pursuant to his
21 conviction for possession of dangerous drugs for sale, i.e.,
22 methamphetamine, and to a concurrent term of 2.5 years
23 imprisonment pursuant to his conviction for possession of
24 dangerous drugs, i.e., methamphetamine, with credit for 188 days
25 of pre-sentence incarceration.  Id., Exh. F at 24-25.

26      More than two years later, on December 22, 2009,
27 Petitioner initiated a state action for post-conviction relief
28

-3-

1  pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id.,
2  Exh. G.  Petitioner asserted he did not know CR2006-000889 had
3  been dismissed and that, had he known about the dismissal, he
4  would not have agreed to plead guilty to any charges arising
5  from his conduct on July 7, 2006. Id., Exh. G at 5.  Petitioner
6  asserted that his counsel had been ineffective for failing to
7  inform him that CR2006-000889 had been dismissed, and further
8  alleged prosecutorial misconduct warranted vacating his
9  convictions.  Petitioner alleged the prosecutor wrongfully
10 induced him to sign a "fraudulent" plea agreement, which
11 Petitioner did not learn about until August 18, 2008; Petitioner
12 asserted this information was newly-discovered evidence excusing
13 the untimeliness of the post-conviction action. Id., Exh. G at
14 3.
15      In a decision entered January 5, 2010, the state trial
16 court dismissed Petitioner's post-conviction proceedings. Id.,
17 Exh. H.  The trial court determined the proceedings were
18 untimely and precluded under Arizona procedural law.  The state
19 trial court concluded Petitioner's allegedly newly-discovered
20 evidence was not "newly-discovered" because he waited more than
21 sixteen months after discovering the information to initiate
22 post-conviction proceedings.  The court further determined
23 relief on any claim regarding the conviction for which
24 Petitioner received a sentence of 2.5 years imprisonment was
25 moot because his current incarceration was a result of the
26 lengthier, concurrent sentence imposed pursuant to his
27 conviction in CR2007-000205. Id., Exh. H.
28

-4-

Petitioner sought review of the trial court's decision denying post-conviction relief by the Arizona Court of Appeals, which denied review on July 8, 2011. Id., Exh. I. Petitioner sought review of that decision by the Arizona Supreme Court, which declined review on on March 12, 2012. Id., Exh. J.

In his initial habeas petition (Doc. 1) Petitioner alleges he is entitled to relief because he was denied his right to the effective assistance of counsel. Petitioner contends counsel was ineffective because he allowed Petitioner "to enter an uninformed guilty plea to a case/charge which was previously dismissed unbeknownst to the defendant. Counsel failed to investigate original arrest." Id. Petitioner also asserts "The [ ] criminal case that affected Petitioner's arrest was absent of probably cause to issue 'search warrant' and subsequent 'arrest warrant...'" Id. Petitioner alleges he was subjected to "judicial misconduct/abuse of discretion," asserting it was an abuse of judicial discretion to issue an arrest warrant for Petitioner's arrest. Id. Petitioner also argues he was improperly sentenced.

In his first amended habeas petition (Doc. 8) Petitioner "challenges the lower court's judgement denying the notice of post-conviction relief as 'untimely'". Id. Petitioner alleges he was subjected to "invalid warrants," i.e., that a police officer was reckless and dishonest in preparing affidavits affecting Petitioner's 'search and seizure'". Id. Petitioner further asserts that he was subjected to "selective prosecution/police misconduct," with regard to a "no knock day

time search warrant," and that he was subjected to "vindictive prosecution."  Id.  Petitioner alleges that his arrest warrant was signed by the same judge who issued a criminal seizure complaint and who also presided over and ruled in a civil in rem forfeiture action against Petitioner's assets.

Respondents contend that the habeas petition is barred by the state of limitations.

The Magistrate Judge notes that Petitioner's habeas petition is now arguably moot.  On August 10, 2007, Petitioner was sentenced to a term of 7.5 years imprisonment and given credit for 188 days of pre-sentence incarceration.  Therefore, Petitioner's prison term must have expired on or before February 9, 2015.  Petitioner was released from prison on August 1, 2014, and the Arizona Department of Corrections database indicates his "Max End Date" was August 2, 2015, and that he is not currently serving a term of supervised release.  Petitioner's current address is in Prescott, Arizona.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions.  See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).  The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For an Arizona non-capital defendant who pleads guilty, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32, Arizona Rules of Criminal Procedure. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007).

The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Stewart v. Cate, 757 F.3d 929, 934-35 (9th Cir.), cert. denied, 135 S.Ct. 341 (2014); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). "The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A state post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling

-7-

1  of the federal statute of limitations during the time such a
2  petition is "pending" in the state courts.  See Pace v.
3  DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005).
4  "When a postconviction petition is untimely under state law,
5  'that [is] the end of the matter' for purposes of § 2244(d)(2)."
6  Id., 544 U.S. at 414, 125 S. Ct. at 1812.

7  Accordingly, the one-year statute of limitations on
8  Petitioner's federal habeas action began to run on or about
9  September 7, 2007, when the time expired to take a timely state
10 action for post-conviction relief from Petitioner's conviction
11 and sentence, and expired on September 7, 2008. Petitioner did
12 not file his federal habeas action until 2013, more than four
13 years after the statute of limitations expired. Petitioner's
14 untimely action for state post-conviction relief was not a
15 "properly filed" state action for post-conviction relief and,
16 therefore, the pendency of this action could not re-start nor
17 toll the state of limitations.

18 The one-year statute of limitations for filing a habeas
19 petition may be equitably tolled if extraordinary circumstances
20 beyond a prisoner's control prevent the prisoner from filing on
21 time.  See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562
22 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010).
23 A petitioner seeking equitable tolling must establish two
24 elements: "(1) that he has been pursuing his rights diligently,
25 and (2) that some extraordinary circumstance stood in his way."
26 Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15
27 (2005).  See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th

-8-

Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th

-9-

Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of [her] untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

Petitioner has not stated a legitimate basis for equitable tolling of the statute of limitations. Compare Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances of cases determined before and after Holland). A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Equitable tolling may be available when a petitioner can establish they are so mentally ill that they are incompetent. Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), with Bills, 628 F.3d at 1098. However, the vicissitudes of prison life are not "extraordinary" circumstances that make it

impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner has not made such a showing.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

**III Conclusion**

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED that** Mr. Godwin's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

-11-

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 30th day of March, 2015.

_____
Mark E. Aspey
United States Magistrate Judge
_____

-13-