WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlton Errol Godwin, | No. CV-13-08078-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| R Allen Bock, et al., | |
| Respondents. | |

Petitioner filed his Petition for Writ of Habeas Corpus on April 5, 2013. On November 7, 2013, the state filed a limited answer. On December 12, 2013, the Magistrate Judge extended the time for Petitioner to file his Reply to the state's answer to January 14, 2014.[1]

Thereafter, the Magistrate Judge granted Petitioner extensions of time to file his Reply to the state's limited answer through March 27, 2015. *See* Doc. 40. Having given Petitioner over a year of extensions, the Magistrate Judge cautioned Petitioner that there would be no further extension of this deadline and advised Petitioner that his Reply had to be docketed by March 27, 2015. *Id.*

As of March 27, 2015, this Court had not received a Reply from Petitioner. Accordingly, on March 30, 2015, the Magistrate Judge issued a Report and Recommendation and recommended that the Petition be denied by this Court.

---

[1] On November 18, 2013, Petitioner filed a document entitled Reply/Traverse. While that document is called a traverse, it does not appear to be a reply to the state's answer, but instead a reply in support of Petitioner's motion at Doc. 13.

On that same day, but later in the day, the Clerk's office docketed Petitioner's Reply/Traverse to the state's limited answer. Thereafter, on April 13, 2015, Petitioner filed a request to reconsider the Report and Recommendation in light of his Reply/Traverse. Doc. 43. Petitioner argues that his Reply/Traverse is timely under the mailbox rule. *Id*. Petitioner has not timely filed objections to the Report and Recommendation.

Inmates get the benefit of the mailbox rule, *i.e.* that an inmate's pleading is deemed to be filed the day he hands it to the prison official for mailing. *Houston v. Lack*, 487 U.S. 266 (1988); *U.S. v. Garcia*, 210 F.3d 1058, 1061 n. 5 (9th Cir. 2000). In this case, however, Petitioner is not in custody. Therefore, Petitioner is not entitled to the benefit of the mailbox rule and his Reply/Traverse is untimely. As a result, the Court finds no basis for his motion for reconsideration and it will be denied.

Based on the foregoing,

**IT IS ORDERED** that the motion for reconsideration (Doc. 43) is denied.

**IT IS FURTHER ORDERED** that Petitioner has until June 25, 2015, to **file** his objections to the Report and Recommendation, if any, as outlined in Doc. 41 at 12.

Dated this 3rd day of June, 2015.

James A. Teilborg
Senior United States District Judge